NICHOLAS M. WAJDA (State Bar # 259178)
Attorney Email Address
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. DAVIS, individually and on behalf of all others similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** <br><br> **DEMAND FOR JURY TRIAL** |

## <u>CLASS ACTION COMPLAINT</u>

Now Comes Plaintiff, BRIAN DAVIS ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM"):

**I. Parties, Jurisdiction and Venue**

1. Plaintiff is a resident of Bakersfield, California and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

3. Defendant MCM is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

4. MCM purchases defaulted debts from original creditors.

5.      MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because (a) its principal purpose is the purchase of and collection of consumer debts and (b) it routinely uses the United States Postal Service for the collection of consumer debts.

6.      Venue is proper pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because:

    a.   MCM mailed the Pre-Approved Offer Letter to an address within this District;

    b.   MCM routinely collects consumer debts in this District and MCM sent the Collection Letter to Plaintiff in this District;

    c.   MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; and

    d.   MCM has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.      General Allegations Applicable to All Counts**

8.      Prior to the conduct-giving rise to these claims, Plaintiff obtained consumer credit, not a business based form of a T.J. Maxx credit from Synchrony Bank (the "Subject Debt")

9.      Plaintiff incurred the Subject Debt for personal and household expenses.

10.     The Subject Debt fell into a default status after Plaintiff suffered from personal circumstances that prevented him from paying the Subject Debt.

11.     MCM purchased the Subject Debt from Synchrony Bank after Synchrony Bank charged off the Subject Debt.

12.     In an attempt to collect the Subject Debt, MCM sent a letter to Plaintiff dated 7/31/2019 (hereafter the "Pre-Approved Offer Letter" or "Letter").

13.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded him as a "person obligated or allegedly obligated to pay" the Subject Debt when MCM mailed or caused the Pre-Approved Offer Letter to be mailed to Plaintiff.

**A. The Attention Required Envelope**

14.    The Pre-Approved Offer Letter was mailed to Plaintiff inside of an envelope with the words "ATTENTION REQUIRED" embossed on the envelope where these words inside of circle of words that said "IMPORTANT INFORMATION ENCLOSED" (hereafter the "Attention Required Envelope" or "Envelope").

15.    A photograph of the Attention Required Envelope is depicted below:



16.    When Plaintiff received and read the Attention Required Envelope, he noticed that the letter was embossed and that the embossed words informed him that "IMPORTANT INFORMATION [WAS] ENCLOSED" inside the Envelope.

17.     When Plaintiff received and read the Attention Required Envelope, he also noticed that the embossed words on the Envelope instructed and informed him (in full-capitalized font) that his "ATTENTION [WAS] REQUIRED."

18.     Plaintiff presumed that the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" meant that an *important* letter was enclosed inside the Envelope and that the letter required his *immediate* attention.

19.     MCM used the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" to convey to consumers like Plaintiff that an *important* letter was enclosed inside the Envelope and that the letter required his *immediate* attention.

20.     After reading the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED", Plaintiff immediately opened the Envelope in order to examine the letter contained inside of it that reportedly needed his immediate attention.

21.     Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" to mean that there was a time-sensitive document contained within the Attention Required Envelope.

22.     MCM used the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" on the Attention Required Envelope to inform and instruct consumers that MCM had enclosed "IMPORTANT INFORMATION" within the Envelope and that to instruct and inform consumers that their "ATTENTION [WAS] REQUIRED" once they opened the Envelope.

23.     MCM used the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" on the Attention Required Envelope to induce consumers like Plaintiff to immediately open the Envelope and to read the contents of collection letters contained inside of the Envelopes sent to them.

24.     Plaintiff seeks to represent a class of consumers residing within this Judicial District who received a similar Attention Required Envelope in violation of Sections 1692e, 1692e(2)(A), 1692e(10), 1692f(8) and 1692f of the FDCPA.

25.     As set forth below, Plaintiff also seeks to represent a class of consumers residing within this Judicial District who received a form Pre-Approved Offer Letter where the letter was sent in an Attention Required Envelope and the contents and form of the Letter violated Sections 1692e, 1692e(2)(A), 1692e(10), 1692f(8) and 1692f of the FDCPA.

**B.  The Pre-Approved Offer Letter**

26.     A copy of the Pre-Approved Offer Letter is depicted below:



27.     MCM regards the Subject Debt as "arising out of a transactions in which" money and/or services were obtained by Plaintiff from a creditor where the money and/or services were "primarily for personal, family or household purposes[.]"

28.     MCM sent the Pre-Approved Offer Letter to Plaintiff in an attempt to collect what it regarded as a consumer debt.

29.     The upper right corner of the Pre-Approved Offer Letter identified Synchrony Bank as the "Original Creditor", followed by the "Original Account Number" and MCM's Account Number.

30.     Furthermore, the upper right corner of the Letter identified a "Current Balance" of $307.68, followed by listing Midland Funding LLC ("Midland") as the "Current Creditor."

31.     By using the words "Current Balance", the Pre-Approved Offer Letter plausibly suggested to Plaintiff at the time that he read the Pre-Approved Offer Letter that the "Current Balance" of the Subject Debt would increase.

32.     Directly below the information identified in Paragraphs 30 and 31, the Pre-Approved Offer Letter stated, "You are Pre-Approved for a 40% discount! Call (800) 282-2544.

33.     The Pre-Approved Offer Letter included a heading that said "[c]hoose The Option That Works For You". This phrase utilized larger font than the body of the Pre-Approved Offer Letter.

34.     The subject line of the Pre-Approved Offer Letter stated "RE Synchrony Bank TJX.

35.     The body of the Pre-Approved Offer Letter said "Congratulations! You have been **Pre-Approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2544. Pay online today at MidlandCredit.com". (Emphasis in original).

36.     Directly below the above quoted sentences, the Pre-Approved Offer Letter identified three (3) 'Pre-Approved" discounted payment options.

37.     Option 1 offered Plaintiff a 40% OFF discount with a single payment of $184.61 "Due Date" of 08-30-2019.

38.     Option 2 offered Plaintiff a 20% OFF discount involving three payments of $82.05, with the "Due Date" of the first payment listed as 08-30-2019.

39.     Option 3 offered Plaintiff "Monthly Payments As Low As . . . $50 per month."

40.     To the right of the three payment options, the Pre-Approved Offer Letter included a shaded box with heading of "Benefits of Paying!" in font that was larger than  the introductory lines of the Pre-Approved Offer Letter and the three payment options.

41.     The shaded box informed Plaintiff that he could "[s]ave up to $123.07" and identified an "Offer Expiration date" of 08-30-2019.

42.     By using the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" and listing a 08-30-2019 expiration date on the Pre-Approved Offer Letter, MCM created a false sense of urgency with least sophisticated consumers as both the Envelope and the Pre-Approved Offer Letter falsely suggested to least sophisticated consumers like Plaintiff that the Envelope contained a time sensitive document.

43.     By mailing or causing the Pre-Approved Offer Letter to be mailed approximately two weeks after the Letter's purported mailing date of 7/31/2019, MCM increased the sense of urgency invoked by expiration dates identified by the Pre-Approved Offer Letter and the Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED."

44.     From the perspective of a least sophisticated consumer, the use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" created a false

sense of urgency with regard to a least sophisticated consumer's review of the enclosed Pre-Approved Offer Letter.

45.     From the perspective of a least sophisticated consumer, the use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" created a false sense of urgency with regard to a least sophisticated consumer's review of any letter MCM sent within an Attention Required Envelope where the letter contained offer expiration dates.

46.     In particular, from the perspective of a least sophisticated consumer, the use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" created a false sense of urgency relative to so-called "pre-approved", "discount program" payment "[o]ption[s]."

47.     To the best of Plaintiff's information and belief, he received the Pre-Approved Offer Letter approximately two weeks after the Letter's purported mailing date of 7/31/2019.

48.     MCM routinely sends collection letters inside of an Attention Required Envelopes in an attempt to cause least sophisticated consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

49.     MCM's practice of mailing collection letters that conveyed "Pre-Approved" payment options up to two weeks after the purported mailing date was done on a large scale basis to create a false sense of urgency among least sophisticated consumers in order to pressure least sophisticated consumers into accepting one of MCM's so-called "Pre-Approved" "discount program" payment options.

50.     This delayed mailing practice resulted in least sophisticated consumers like Plaintiff perceiving a sense of urgency – where the urgency was created by MCM's delay in mailing the collection letter and its transmission of the letters inside of Attention Envelopes.

51.     It was not clear to Plaintiff whether its so-called "pre-approved" payment options are subject to fixed, time-sensitive deadlines.

52.     Plaintiff and others like him who received similar letters were lead to believe by the language utilized by MCM that the discounted settlement terms were specifically tailored and offered to them when in reality MCM offers similar discounted payment options to all consumers.

53.     Plaintiff and others like him who received similar letters did not know whether the so-called "pre-approved" discounted payment options were subject to an actual or true expiration date.

54.     Plaintiff and others like him who received similar letters were left with the impression that the "pre-approved" discounted payment options were subject to an actual or true expiration date based upon the use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" on the face of the Envelopes that contained that subject collection letters.

55.     MCM sent Plaintiff a letter dated 9/11/2019 in an attempt to collect the Subject Debt.

56.     Just like the Pre-Approved Offer Letter, the 9/11/2019 letter provided Plaintiff with identical "pre-approved" payment options of 40% OFF and 20% OFF.

57.     The 9/11/2019 letter stated, "You are pre-approved for a 40% discount!"

58.     The 9/11/2019 letter also identified a 20% OFF payment option.

59.     Both of the "pre-approved" payment options on the 9/11/2019 letter identified an "Payment Due Date" of 10/11/2019.

60.     The 9/11/2019 letter was not mailed to Plaintiff on 9/11/2019.

61.     Rather, on information and belief, based upon a pattern of conduct exhibited by MCM with regard to other consumers, MCM did not cause the 9/11/2019 collection letter to be mailed until at least one week after the reported mailing date.

62.     Plaintiff received the 9/11/2019 letter on or around September 26, 2019.

63.     The 9/11/2019 letter *was not mailed* to Plaintiff in an envelope that contained words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED."

64.     On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent inside of envelopes that contain the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" in comparison to envelopes that do not contain these words.

65.     On information and belief, MCM has determined that it collects more money from consumers when it sends letters to consumers inside of envelopes that contain the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" in comparison to envelopes that do not contain these words.

66.     On information and belief, consumers may have paid their debts as a result of MCM's violations of the FDCPA.

67.     At least 40 persons with addresses from within this District were sent a similar form Pre-Approved collection letter by MCM where the collection letter was mailed inside an Attention Required Envelope within one year of the filing of this lawsuit.

68.     MCM's widespread use of the Attention Required Envelope satisfies the elements of typicality and commonality.

69.     MCM's use of a similar form Pre-Approved Offer Letter satisfies the elements of typicality and commonality.

70.     The proposed classes can be defined and ascertained by MCM's records.

71.     The putative class members are so numerous that joinder of all members is impracticable.

72.     The legality of the Attention Required Envelope and the Pre-Approved Offer Letter raise questions of law and fact that are common to the putative class members.

73.     Plaintiff will fairly and adequately represent the proposed classes.

74.     Plaintiff shall be represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

75.     The class periods are limited to one year prior to the filing of this lawsuit and until the unlawful conduct ends.   The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

76.     A class action is superior to other available methods for fairly and efficiently adjudicating the legality of the Attention Required Envelope and the Pre-Approved Offer Letter.

77.     The debt purchase agreements which relate to the Subject Debt informed MCM that it was purchasing consumer (not business based) debts from the original creditor.

78.     On information and belief, the Subject Debt is not subject to arbitration because the underlying debt sale and purchase agreements merely conveyed to MCM the right to collect accounts in the form of "receivables".

**III.     Causes of Action**

**Count I – The Attention Required Envelope Violates Section 1692f(8) of the FDCPA**

79.     Plaintiff realleges the above paragraphs as though fully set forth herein.

80.     Section 1692f(8) prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

81.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

82.     By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" on the Attention Required Envelope, MCM violated Section 1692f(8) of FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

83.     Plaintiff immediately opened the Attention Required Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED"

84.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" created a false sense of urgency to a least sophisticated consumer like Plaintiff as to the words written on the enclosed letter.

85.     The Attention Required Envelope was mailed to hundreds of least sophisticated consumers within this District who owed a debt to MCM or one of MCM's affiliates.

86.     The proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.   declare that the Attention Required Envelope violates the FDCPA;

b.   enjoin Defendant MCM from using the Attention Required Envelope in conjunction with any future collection letters;

c.   award Plaintiff statutory damages of up to $1,000;

d.   award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Required Envelope;

e.   award class members maximum statutory damages; and

f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

12

**Count II – The Attention Required Envelope Violates § 1692f of the FDCPA**

87.     Plaintiff realleges the above paragraphs as though fully set forth herein.

88.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

89.     By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" on the Attention Required Envelope, MCM violated Section 1692f of the FDCPA because the use of these words on the face of the Envelope constituted a unfair or unconscionable means to collect or attempt to collect any debt where the enclosed collection letter merely reiterated a pre-approved settlement with identified deadlines that were illusory.

90.     As a result of MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED," Plaintiff immediately opened the Attention Required Envelope.

91.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" created a false sense of urgency to a least sophisticated consumer like Plaintiff.

92.     The Attention Required Envelope was mailed to hundreds of least sophisticated consumers within this District who owed a debt to MCM or one of MCM's affiliates.

93.     The Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692f of the FDCPA because printing on the Attention Required Envelope in this manner unfairly and/or unconscionably suggested that the enclosed collection letter contained, "IMPORTANT" "INFORMATION" when it is not clear whether the contents of the enclosed letter contains "IMPORTANT INFORMATION" that would "REQUIRE" the recipient's "ATTENTION."

94.     The Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692f because these words were used by MCM to create a sense of urgency to so-called least sophisticated consumers.

95.     Because MCM reissues prior date sensitive "pre-approved" settlement offers to Consumers (as demonstrated by MCM's letter 9-11-2019) the Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692f by creating a *false sense of urgency* to least sophisticated consumers.

96.     The proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.   declare that the Attention Required Envelope violates the FDCPA;

b.   enjoin Defendant MCM from using the Attention Required Envelope in conjunction with any future collection letters;

c.   award Plaintiff statutory damages of up to $1,000;

d.   award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Required Envelope;

e.   award class members maximum statutory damages; and

f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – The Attention Required Envelope Violates § 1692e(2)(A) of the FDCPA**

97.     Plaintiff realleges the above paragraphs as though fully set forth herein.

98.     The Attention Required Envelope was mailed to hundreds of least sophisticated consumers within this District who owed a debt to MCM or one of MCM's affiliates.

99.     Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

100.     By formatting the Attention Required Envelope to denote that an "IMPORTANT" letter was enclosed and that the letter arguably required immediate "ATTENTION", MCM created a false sense of urgency depicting the "character" and/or "legal status" of the Subject Debt and the underlying debts of putative class members.

101.     Plaintiff immediately opened the Attention Required Envelope because of the fact that it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED".

102.     Plaintiff read the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" to mean that there was a sensitive document contained within the envelope.

103.     The Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" can and did create a false sense of urgency with Plaintiff and other least sophisticated consumers.

104.     The Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692e(2)(A) because printing the Envelope in this manner falsely represented that the "character" or "legal status" of the contents of the Envelope was time-sensitive and/or demanded immediate "attention."

105.     Because MCM reissues prior date sensitive "pre-approved" settlement offers to consumers (as demonstrated by MCM's letter 9-11-2019) the Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692e(A)(2) by creating a *false sense of urgency* to least sophisticated consumers.

106.     The proposed class members who are defined as follows:

All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.   declare that the Attention Required Envelope violates the FDCPA;

b.   enjoin Defendant MCM from using the Attention Required Envelope in conjunction with any future collection letters;

c.   award Plaintiff statutory damages of up to $1,000;

d.   award class members actual damages if they paid their subject debt after receiving a collection letter in an Attention Required Envelope;

e.   award class members maximum statutory damages; and

f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – The Attention Required Envelope Violates § 1692e(10) of the FDCPA**

107.   Plaintiff realleges the above paragraphs as though fully set forth herein.

108.   Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

109.   By formatting the Attention Required Envelope to denote that an "IMPORTANT" letter was enclosed and that the letter arguably required immediate "ATTENTION", MCM created a false sense of urgency in violation of Section 1692e(10) of the FDCPA.

110.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" can and did create a false sense of urgency to so-called least sophisticated consumers.

111.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violated Section 1692e(10) of the FDCPA because the quoted words

constitute the use of false representations and deceptive means to attempt to collect the Subject Debt and the underlying debts of putative class members.

112.    Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" to mean that there was a time sensitive document contained within the envelope.

113.    Plaintiff immediately opened the Attention Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED."

114.    Because MCM reissues prior date sensitive "pre-approved" settlement offers to consumers (as demonstrated by MCM's letter 9-11-2019) the Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692e(10) by creating a *false sense of urgency* to least sophisticated consumers.

115.    The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the Attention Required Envelope violates the FDCPA;

b.    enjoin Defendant MCM from using the Attention Required Envelope in conjunction with any future collection letters;

c.    award Plaintiff statutory damages of $1,000;

d.    award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Required Envelope;

e.    award class members maximum statutory damages; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V    The Attention Required Envelope Violates Section 1692f of the FDCPA**

116.    Plaintiff realleges the above paragraphs as though fully set forth herein.

117. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

118. Plaintiff immediately opened the Attention Required Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED."

119. Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" to mean that there was a time-sensitive document contained within the envelope.

120. The Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692f because printing on the Envelope in this manner unfairly and/or unconscionably suggests that the enclosed Pre-Approved Offer Letter is time sensitive when the opposite is true.

121. The Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692f because these words were used by MCM to create a sense of urgency to so-called least sophisticated consumers.

122. Because MCM reissues prior date sensitive "pre-approved" settlement offers to consumers (as demonstrated by MCM's letter 9-11-2019) the Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692f by creating a *false sense of urgency* to least sophisticated consumers.

123. The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Attention Required Envelope violates the FDCPA;

18

     b.   enjoin Defendant MCM from using the Attention Required Envelope in conjunction with any future collection letters;

     c.   award Plaintiff statutory damages of up to $1,000;

     d.   award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Required Envelope;

     e.   award class members maximum statutory damages; and

     f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI  The Attention Required Envelope and the Pre-Approved Offer Letter Violate Section 1692e(2)(A) of the FDCPA**

124.    Plaintiff realleges the above paragraphs as though fully set forth herein:

125.    Section 1692e(2)(A) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

126.    MCM's use of the Attention Required Envelope and the Pre-Approved Offer Letter violates Section 1692e(2)(A) of the FDCPA.

127.    Plaintiff immediately opened the Attention Required Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED."

128.    Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" to mean that there was a time sensitive document contained within the envelope.

129.    MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" created a false sense of urgency to a least sophisticated consumer like Plaintiff as to the words written on the Pre-Approved Offer Letter.

130.    MCM's use of the phrase "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" in combination with the contents of the Pre-Approved Offer Letter,

could and did create a false sense of urgency to Plaintiff and similarly situated least sophisticated consumers as to the "character" and/or "legal status" of the underlying debt.

131.   Because MCM reissues prior date sensitive "pre-approved" settlement offers to consumers (as demonstrated by the 9-11-2019 letter) the Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692e2(A) by creating a *false sense of urgency* to least sophisticated consumers.

132.   The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX and the enclosed letters identified "pre-approved", "discount" payment options with identified "Offer Expiration date."

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.   declare that the Pre-Approved Offer Letter and the Attention Envelope violate Section 1692e(2)(A) of the FDCPA;

b.   enjoin Defendant MCM from using the Attention Envelope and the Pre-Approved Offer Letter in future collection activities;

c.   award Plaintiff statutory damages of $1,000;

d.   award class members actual damages if they paid their subject debt after receiving a Pre-Approved Offer Letter in an Attention Envelope;

e.   award class members maximum statutory damages; and

f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII        The Attention Required Envelope and the Pre-Approved Offer Letter Violate Section 1692e(10) of the FDCPA**

133.   Plaintiff realleges the above paragraphs as though fully set forth herein.

134.   Section 1692e(10) of the FDCPA prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

135.   MCM's use of the Attention Required Envelope and the Pre-Approved Offer Letter violates Section 1692e(10) of the FDCPA.

136.   By formatting the Attention Required Envelope to denote that a time-sensitive document was enclosed, MCM created a false sense of urgency in violation of Section 1692e(10) because printing and formatting the Envelope in this manner constitutes a false representation or deceptive means to collect or attempt to collect any debt.

137.   For example, Plaintiff immediately opened the Attention Envelope because it contained the words IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED."

138.   Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" to mean that there was a time sensitive document contained within the envelope.

139.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" created a false sense of urgency to a least sophisticated consumer like Plaintiff as to the words written on the Pre-Approved Offer Letter.

140.   In particular, the Pre-Approved Offer Letter stated, "Offer Expiration date: 8-30-2019."

141.   By formatting the Attention Envelope to denote that a time-sensitive document was enclosed and by using the words quoted in the above paragraph, MCM created a false sense of urgency in violation of Section 1692e(10) by falsely and/or deceptively suggesting that the Pre-Approved Offer Letter was time-sensitive when that is not clearly the case.

142.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" in combination with the contents of the Pre-Approved Offer Letter, could and did create a false sense of urgency to so-called least sophisticated consumers.

143.    By using the phrase "Current Balance" as opposed to "Balance" or "Amount Owed", MCM plausibility indicated to a least sophisticated consumer like Plaintiff that the amount of the Subject Debt could increase in the near future.

144.    In particular, MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" and the use of the words "Offer Expiration date" in the Pre-Approved Offer Letter, could and did create a false sense of urgency with least sophisticated consumers.

145.    Because MCM reissues prior date sensitive "pre-approved" settlement offers to consumers (as demonstrated by MCM's letter 9-11-2019) the Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692e(10) by creating a *false sense of urgency* to least sophisticated consumers.

146.    The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX and the enclosed letters identified "pre-approved", "discount" payment options with identified "Offer Expiration date."

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the Pre-Approved Offer Letter and the Attention Envelope violate Section 1692e(10) of the FDCPA;

b.    enjoin Defendant MCM from using the Attention Envelope and the Pre-Approved Offer Letter in future collection activities;

c.    award Plaintiff statutory damages of $1,000;

d.    award class members actual damages if they paid their subject debt after receiving a Pre-Approved Offer Letter in an Attention Envelope;

e.    award class members maximum statutory damages; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VIII     The Attention Required Envelope and the Pre-Approved Offer Letter Violate Section 1692f of the FDCPA**

147.    Plaintiff realleges the above paragraphs as though fully set forth herein.

148.    Section 1692f states "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

149.    When used together, the Attention Required Envelope and the Pre-Approved Offer Letter violate Section 1692f of the FDCPA.

150.    By formatting the Attention Required Envelope to denote that a time-sensitive document was enclosed, MCM created a false sense of urgency in violation of Section 1692f because printing and formatting the Envelope in this manner constitutes an unfair or unconscionable means to collect or attempt to collect the Subject Debt by and through the Pre-Approved Offer Letter.

151.    MCM's use of the Attention Required Envelope and the Pre-Approved Offer Letter violates Section 1692f of the FDCPA.

152.    By formatting the Attention Envelope to denote that a time-sensitive document was enclosed, MCM engaged in an unfair or unconscionable means to collect or attempt to collect the Subject Debt by falsely depicting the "character" or "legal status" of the Subject Debt as being time-sensitive when that is not the case.

153.    It is not clear to a least sophisticated consumer whether there is anything truly time-sensitive on the face of the Pre-Approved Offer Letter.

154.    MCM's use of the phrase "ATTENTION REQUIRED" in combination with the contents of the Pre-Approved Offer Letter, could and did create a false sense of urgency to so-called least sophisticated consumers.

23

155.    In particular, MCM's use of the phrase "ATTENTION REQUIRED" and the use of the words "Offer Expiration date" in the Pre-Approved Offer Letter, could and did create a false sense of urgency with least sophisticated consumers.

156.    Because MCM reissues prior date sensitive "pre-approved" settlement offers to consumers (as demonstrated by MCM's letter 9-11-2019) the Attention Required Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" violates Section 1692f by creating a *false sense of urgency* to least sophisticated consumers.

157.    The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX and the enclosed letters identified "pre-approved", "discount" payment options with identified "Offer Expiration date."

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the Pre-Approved Offer Letter and the Attention Required Envelope violate Section 1692f of the FDCPA;

b.    enjoin Defendant MCM from using the Attention Required Envelope and the Pre-Approved Offer Letter in future collection activities;

c.    award Plaintiff statutory damages of $1,000;

d.    award class members actual damages if they paid their subject debts after receiving a Pre-Approved Offer Letter in an Attention Required Envelope;

e.    award class members maximum statutory damages; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IX        Violations of the FDCPA Based Upon the Misreported Mailing Date of Collection Letter Enclosed Within the Attention Required Envelope**

158.    Plaintiff realleges the above paragraphs as though fully set forth herein.

159.    As alleged above, the Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" is intended to create, and does

create, a *false sense of urgency* to least sophisticated consumers when read in conjunction the phrase "Offer Expiration date."

160.   Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

161.   Section 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

162.   MCM's practice of mailing collection letters like the Pre-Approved Offer Letter weeks after the printed mailing dates results in a shortened response time and constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as an "unfair or unconscionable means to collect or attempt to collect any debt."

163.   MCM's practice of mailing Pre-Approved Offer Letters weeks after the printed mailing dates results in a shortened response time and a manufactured sense of urgency, and therefore constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e of the FDCPA.

164.   MCM's practice of mailing Pre-Approved Offer Letters weeks after the printed mailing dates results in a shortened response time and a manufactured sense of urgency with regard to the "character" and/or "legal status" of the underlying debts, and in particular in relation to a debtor's so-called "options" relative to resolving the subject debts in violation of Section 1692e(2)(A) of the FDCPA.

165.   MCM's practice of mailing collection letters like the Pre-Approved Offer Letters weeks after the printed mailing dates results in a shortened response time and a manufactured sense of urgency and thus constitutes the use of a "false representation or deceptive means to collect or attempt to collect" a debt in violation of 1692e(10) of the FDCPA.

166.    Mailing out form collection letters more than a week after the purported mailing date under the above circumstances would have a material impact on a consumer reviewing the offer identified in the letter.

167.    A shortened response time, artificially created by MCM, put pressure on Plaintiff and others similarly situated and thus constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as an "unfair or unconscionable means to collect or attempt to collect any debt."

168.    On information and belief, at least 40 persons with addresses within this District received an identical Envelope and similarly Pre-Approved Offer Letter within one year of the filing of this lawsuit where the Letter was not mailed out on the date listed on the letter and where the Letters were mailed out more than one week after the purported mailing date.

169.    The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUIRED" where the underlying debts were originally owed to Synchrony Bank TJX and Midland's records show that the envelopes were mailed more than one week after the date printed on the letters.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.    declare that MCM's practice of mailing collection letters over a week after the letter's stated mailing date violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA;

b.    enjoin MCM from violating the FDCPA in this manner in the future;

c.    award Plaintiff statutory damages of $1,000;

d.    award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Envelope;

e.    award class members maximum statutory damages; and

26

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of
Plaintiff BRIAN K. DAVIS individually
and on behalf of all others similarly situated,

/s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
nick@wajdalawgroup.com